Good morning. I'm John Bogart. I'm from Tucson, Arizona, and I'm here on behalf of Henrietta Clark. The issue we have in this appeal is one more appeal regarding what is reasonable suspicion in order to stop a vehicle. Really, the legality of the stop of an appellant's vehicle from which a Border Patrol agent discovered two illegal aliens being transported by the appellant. A motion to suppress was filed in district court. The motion was denied both by the magistrate judge as well as the district court judge who affirmed the recommendation by the magistrate judge. Succinctly, was there sufficient particularized and objective basis for the Border Patrol agent to suspect legal wrongdoing to justify the stop? It was a Terry stop on Route 86 coming out of the Tohono O'odham Indian Reservation going into Tucson. It occurred at approximately 9.45 at night. The government and myself or I have both briefed this as well as we could with a factual basis. And frankly, under the applicable law as it stands today, I have a very, very steep mountain to climb to be able to get some kind of relief on behalf of my client, specifically on the United States v. Arvizu, which requires a court. So how do you plan to get there? Pardon me, Your Honor? I said how do you plan to climb that very steep mountain? Well, Your Honor, my argument on this really comes down to what is a de novo review by this court. Ornelas, U.S. v. Ornelas, says there has to be a de novo review. Arvizu says to look at the totality of the circumstances drawn upon the experiences and background of the Border Patrol agent. Whatever, de novo review or other review, you agree it's the totality of the circumstances. The circumstances are tandem driving, no clearly visible plate, a route that the government identifies as a smuggler's route near the border, tinted windows, it appeared the back was weighted down, and it's an odd change in speed. That's the totality of the circumstances. Whether it's de novo or some other form of review, how do you prevail under Arvizu? Well, I wish I had an answer to that, Judge. The difficulty you run into is that as soon as a Border Patrol agent says I've been there, I sat there, and this is what I saw. Your analysis of Arvizu is correct. Once they say anything under Arvizu, it's very hard for you to prevail. It is, Your Honor. The difficulty we run into, again ---- You realize they reversed us in Arvizu. Yes, I do. And it came from Vicki Moran. But I appreciate the fact that you liked our opinion. Very much, Your Honor. I still think, though, that the Ninth Circuit, as well as every other circuit in the country, has to look at the underlying factors that are there. I do know that there is a case that came out most recently ---- excuse me, subsequent to the Arvizu case that I did not cite because I just discovered it, which is U.S. v. Sigmund Ballesteros, in which this Court did look at each of the factors. And if you look at the factors that we have here, they can either be innocent or they could indicate criminal activity. But that's the point of Arvizu? That's the point of Arvizu. You can take 16,000 things, all of which are innocent on their own, you mix them all up together and ---- And Border Patrol says ---- Well, it may look innocent to Fernandez to see people driving 65 miles an hour close together with dark windows and no license plates. It might look okay to him, but it don't look okay to us. And that I understand, but that could have also been me. And it could have been literally thousands of other people coming down Route 86. The criticism of the Supreme Court's analysis is a very intelligent criticism. But that's what the law that they established seems to be, unless you can tell us that that's not what they said. I wish I could say that, Your Honor. I can't. Unfortunately, my opinion is and I believe that many of the people on my side of the bar and the defense believe that the Fourth Amendment has been eroded to the point where it almost doesn't exist anymore. And some on the bench believe that. And I appreciate that, Your Honor. And some of us are being reversed all the time. And I truly appreciate that, Your Honor. Fourth Amendment case. At the same time, there are case law that says that these are innocent acts. In other words, tinted windows is not a criminal activity. It doesn't indicate it. And this is at night. So while it might be a factor to be considered, even with a tinted window at 945 at night, what difference does it make? You haven't gotten far up that mountain. I understand. It's a very, very steep mountain, Your Honor. It depends on where you are, too. I mean, a heavily tinted window in many if not most Western states is indeed criminal activity. Absolutely. But just because you have tinted windows shouldn't indicate that it is something illegal. Well, you just said it's perfectly innocent. It's not innocent to have tinted windows, heavily tinted windows, is a crime all by itself. This in itself wasn't a crime. For example. This wasn't brought on as a crime. This was not a stop based upon an observation of a crime. Of course not. But the fact is you're saying it's an innocent fact. It's not exactly an innocent fact. It could be considered. Again, I guess we're going back to where we started in the beginning, which is that we are not supposed to deny. I think we do understand your argument, and even better, we understand your frustration. But why don't we hear from the government? Okay. May it please the Court. My name is Bruce Heard, assistant United States attorney. Judge Reinhart very succinctly stated what the totality of circumstances are here. And as the discussion has already gone on, basically under R.B. Sue and even this Court's own case law, such as Montero Camargo, when you mix that totality together, the driving in tandem, which was for a period of four or five miles, the apparent lack of a license plate, the exceptionally darkly tinted windows, the driving behavior and so forth, this was certainly enough to rise to a reasonable suspicion. So I think under the law and the facts, as both the magistrate and the court judge found, there really is no other response other than under R.B. Sue and the rest of the Supreme Court's case law. This did satisfy the reasonable suspicion standard. If you would care for me to address particular facts or. No, I think that's very wise to have a one minute argument. OK. You want to try again? OK. Thank you very much. We appreciate your effort. OK. Case just argued is submitted. Next case on the calendar for oral argument is United States versus Davis.
judges: Reinhardt, Noonan, Fernandez